**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | | | |
|---|---|---|---|
| IN RE: | ) | CASE No. | 19-21995 (JJT) |
| | ) | | |
| SYLVESTER TRAYLOR, | ) | CHAPTER | 13 |
|     Debtor. | ) | | |
| | ) | RE: ECF Nos. | 158, 160 |
| | ) | | |

## ORDER DISMISSING CHAPTER 13 CASE WITH A TWO-YEAR BAR

I.    INTRODUCTION

Roberta Napolitano, the Chapter 13 Trustee ("Trustee"), filed the instant Motion to Dismiss (ECF No. 160) pursuant to 11 U.S.C. §1307(c) seeking dismissal of the Debtor's Chapter 13 case for failure to file a confirmable plan due to lack of feasibility and the plan's ostensible lack of a bona fide bankruptcy purpose. A hearing on the Motion to Dismiss, the Debtor's Fourth Amended Plan (ECF No. 161, the "Plan"), and the Debtor's Motion to Reinstate the Automatic Stay (ECF No. 163) proceeded on a consolidated record on February 12, 2021 (ECF No. 185), whereat the Court heard evidence and argument advanced by the Trustee, the Debtor, and creditor Town of Waterford ("the Town"). In addition to adopting the Trustee's statements regarding the Plan's lack of feasibility, the Town also argued that dismissal of the Debtor's case with prejudice was warranted based on a lack of good faith in addition to the Debtor's efforts to delay or otherwise frustrate a pending state court tax foreclosure. At the conclusion of the hearing, the Court took all matters under advisement.[1] For the reasons provided herein, the Trustee's Motion to Dismiss is GRANTED and, in accordance with 11 U.S.C. § 349(a), the dismissal is with prejudice and the Debtor is barred from filing for relief under any

---

[1] Separate rulings on the Debtor's Fourth Amended Plan and Motion to Reinstate are forthcoming.

chapter of the Bankruptcy Code, in any bankruptcy court, for a period of not less than two (2) years from the date of entry of this Order.

II.     BACKGROUND

On November 22, 2019, the Debtor filed a voluntary petition along with his first Chapter 13 Plan.[2] *See* ECF Nos. 1, 5. According to Schedules I and J, the Debtor listed a *negative* monthly net income of $515 (ECF No. 1, p. 28), yet proposed monthly plan payments of $740 to address outstanding real estate taxes due to the Town (ECF No. 5). In her Objection to Confirmation, in addition to highlighting material issues concerning feasibility, the Trustee also objected to confirmation on the basis of: (1) missing documentation;[3] (2) failure to conform the plan to the claims filed; and (3) failure to provide for the appropriate amount of interest on the Town's secured claim. *See* ECF No. 40. The Debtor subsequently sought, and the Court thereafter granted, denial of confirmation with leave to amend (ECF Nos. 46, 51).

While confirmation of the Debtor's initial plan was pending, the Town moved for relief from the automatic stay regarding real and personal property located at 881 Vauxhall Street in Quaker Hill, Connecticut (the "Property"), based on outstanding taxes, interest, and fees in the amount of $74,767,84 that were duly assessed on the Property. (ECF No. 21). On March 12, 2020, the Court granted the Town's Motion for Relief from Stay (ECF No. 42).[4]

---

[2] The Debtor previously filed for relief under Chapter 13 of the Bankruptcy Code on April 10, 2019. *See* Case No. 19-20578 (JJT). That case was dismissed on August 30, 2019 for failure to make plan payments, provide documents to the Trustee, establish plan feasibility, file a plan that conforms to the filed proofs of claim, and conclude the meeting of creditors. *Id.* at ECF Nos. 16, 24.

[3] Specifically, the Trustee asserted that the Debtor had failed to provide her: (a) evidence of Veterans Administration pension income received for the six months prior to filing; (b) bank statements showing the balance in the Debtor's Comerica account on the day this case was filed; and (c) Property valuation for real or personal property.

[4] After stay relief was granted to the Town, the Debtor filed a Motion to Vacate the Order Granting Relief from Stay (*see* ECF Nos. 45, 53) and a Motion to Reconsider the Court's denial of his Motion to Vacate (*see* ECF Nos. 62, 64). Thereafter, the Debtor appealed this Court's denial of those motions to the District Court. ECF No. 68; *see also* ECF No. 145 (District Court's Order Affirming this Court's Orders).

On May 14, 2020, the Debtor filed a First Amended Plan, wherein the only amendment that was made was to "[show] payments held by the Trustee" in the amount of $4,400 (ECF No. 95). Because the Debtor's Amended Plan had wholly failed to address any of the issues raised in the Trustee's initial objection, the Trustee's Objection to the First Amended Plan raised the same issues as her first, i.e., (1) the Debtor did not provide requested documentation; (2) the plan did not conform to filed claims; (3) the plan did not provide for appropriate interest for the Town's secured claim; and (4) the plan was not feasible (ECF No. 131). The Debtor's First Amended Plan was denied with leave to amend (ECF No. 134).

On September 15, 2020, the Debtor filed a Second Amended Plan (ECF No. 140), again without addressing any issues raised in the Trustee's first two objections, this time adding a non-standard provision (with exhibits) pertaining to an unrelated Connecticut Superior Court foreclosure action and updating the "amount previously paid to trustee" to $7,400. In addition to reasserting the very same objections she raised in her two prior objections, the Trustee's Objection to the Second Amended Plan also assailed the Debtor's claim that he had paid $7,400 to the Trustee during the pendency of the case, instead contending that she had only received $6,660 (ECF No. 144). A confirmation hearing on the Debtor's Second Amended Plan was held on October 22, 2020, whereat the Court denied confirmation but granted the Debtor leave to amend (ECF No. 148).

On November 25, 2020, just over a year after filing his first plan, the Debtor filed a Third Amended Plan (ECF No. 151), wherein he nearly doubled the proposed monthly plan payment to $1,384 despite ostensibly operating with a negative monthly net income, removed the non-standard provision, and adjusted the arrearage on the Town's claim to $74,767.84. In the Trustee's Objection to the Debtor's Third Amended Plan, she pointed out that, in addition to the

defects that she had specifically identified in each of the three prior objections,[5] the Debtor failed to maintain plan payments and was overdue in the amount of $1,104, and that the plan serves no apparent purpose because it only purports to address the Town's claim—despite the Court's granting of stay relief as to that claim (ECF No. 156). The instant Motion to Dismiss was filed soon thereafter (ECF No. 160).

On January 20, 2021, the Debtor filed a Fourth Amended Plan which increased the proposed monthly Plan payment to $2,386.78 and provided to pay interest at 18% on the tax portion of the Town's claim (ECF No. 161). Given the underlying questions concerning feasibility raised by the Trustee throughout this case, the Court scheduled an evidentiary hearing to address the Trustee's Motion to Dismiss, the Debtor's Fourth Amended Plan, and the Debtor's Motion to Reinstate the Stay, and ordered the Debtor to "promptly deliver to the Trustee those documents reasonably requested to support his income, resources to support the Plan and financial feasibility." ECF No. 167. The Court's Order also directed that the "Debtor shall open the hearing with the presentation/offer of proof of a summary of the sources and uses of funds to address the classes of creditor claims to be treated in his plan." *Id.*

At the evidentiary hearing, which was held on February 12, 2021, the Debtor proffered various exhibits, including a copy of a check in the amount of $2,290.78 sent to the Trustee on February 11, 2021, which was to ostensibly demonstrate that the Debtor had brought plan payments current; bank statements showing transactions from 12/30/20–1/12/21 and 1/29/21–2/10/21 which the Debtor claimed confirms that he has sufficient income to make plan payments; a 12-month profit and loss statement, which was created by the Debtor but not substantiated by

---

[5] Namely, that the Debtor had not provided the documents to the Trustee that she had requested since the first Section 341 meeting, which was held on January 9, 2020 (ECF No. 18), that the Plan did not conform to the claims filed, that the Plan did not provide for the appropriate interest on the Town's claim, and that the Plan was fundamentally not feasible.

any other proffered evidence; and a document containing a written response to the Trustee's objections, which notably indicated that a *fifth* amended plan would be necessary in order to "reflect Trustee's computations" as well as address the shortfall of his income, which he claimed could be dealt with through his "ability to generate additional income if needed and have family members that will contribute to help me save my home."

In keeping with her observations throughout this case, the Trustee now argues that the Motion to Dismiss and her Objection to the Fourth Amended Plan turn on feasibility, and that the Debtor has not met his burden of demonstrating an ability to make the proposed payments. Simply put, she argues that aside from the information listed in his Schedules, the Debtor has not produced any corroborating evidence that would support his claim that he has sufficient funds to make the proposed plan payments while continuing to pay his living expenses. What's more, to the extent that the Debtor claims there are promised or hopeful contributions from family members, he has provided no documentation or testimony to substantiate such a claim. The Town joins the Trustee's arguments, while also arguing for dismissal with prejudice, citing the length of time this case has been pending and the Plan's mootness in light of stay relief entering in the Town's favor.

The Court agrees that dismissal is warranted and finds that cause exists to dismiss the Debtor's case based on his failure to satisfy his burden in demonstrating that he has the means and ability to comply with the terms of the proposed plan, the unreasonable and prejudicial delay in this case, and the Debtor's ostensible lack of good faith demonstrated by the filing of multiple unfeasible plans throughout this case.

III.    DISCUSSION

Section 1307 of the Bankruptcy Code, which governs conversion or dismissal of Chapter 13 cases, provides that the court, on request of a party in interest and after notice and a hearing, may dismiss a case for cause, and further provides a non-exhaustive list of circumstances that constitute "cause." 11 U.S.C. § 1307(c). The Court finds that at least two of the enumerated circumstances apply here.[6] Under subsection (c)(1), the Court may dismiss a Chapter 13 case where there has been "unreasonable delay by the debtor that is prejudicial to creditors." 11 U.S.C. § 1307(c)(1). Additionally, subsection (c)(5) provides that the Court may dismiss a Chapter 13 case in the event of "denial of confirmation of a plan under [11 U.S.C. § 1325]." 11 U.S.C. § 1307(c)(5).

With respect to dismissal under subsection (c)(1), this case has been pending for over a year, and in that time the Debtor has made no meaningful progress toward the filing of a feasible and confirmable plan. For more than a year (and during his previous bankruptcy) the Trustee has requested, and the Debtor has failed to provide, those documents necessary for the Trustee to determine if the plan is feasible and if it complies with Section 1325(a)(4). Nor has the Debtor supplied the Trustee with the requisite information as directed by this Court (*see* ECF No. 167). The Debtor has done nothing to address the multitude of issues raised in each of the Trustee's Objections, and while the Debtor continues to file plans wrought with infirmities, the Town's tax debt has been accruing interest at a rate of 18% per annum and no post-petition tax payments have been made. *See In re Hartley*, 2020 WL 1908326, at *5 (Bankr. D. Conn. 2020) ("Prompt payment of real property taxes is indicative of the debtor's ability to complete a Chapter 13 Plan, and nonpayment may be cause for dismissal or conversion."). What's more, given that the Debtor's Plan seeks only to address the Town's tax claim, and the Town was granted stay relief

---

[6] While not expressly enumerated under 11 U.S.C. § 1307(c), the Court also finds, and discusses herein, that the Debtor's lack of good faith is an additional ground that warrants dismissal.

with respect to that claim, the present case does not appear to have a legitimate bankruptcy objective. In light of these delays, the lack of a proper bankruptcy purpose, and the nonpayment of post-petition taxes—all of which are prejudicial to the Town—the Court finds sufficient cause to dismiss this case pursuant to 11 U.S.C. § 1307(c)(1).

Next, Section 1307(c)(5) provides an additional ground for dismissal because the Debtor's Fourth Amended Plan (as with all earlier iterations) is patently infeasible, and thereby unconfirmable. "Subsection (c)(5), allowing a court to dismiss a case where the plan is not confirmable, references Bankruptcy Code § 1325(a)(6), '[b]y far the most important criterion for the confirmation of a chapter 13 plan.'" *In re Jensen*, 425 B.R. 105, 109 (Bankr. S.D.N.Y. 2010) (*quoting* 9 COLLIER ON BANKRUPTCY ¶ 1325.07). Under Section 1325(a)(6), the court must determine whether "the debtor will be able to make all payments under the plan and to comply with the plan." 11 U.S.C. § 1325(a)(6). It is the Debtor's burden to prove feasibility by demonstrating his ability to make all plan payments. *In re Jensen*, *supra*, 425 B.R. at 110.

In the present case, the Debtor has had myriad opportunities to provide the Trustee with documentation supporting feasibility, and in fact, was ordered by the Court to do so (*see* ECF No. 167). When given the opportunity to provide the Trustee and the Court with evidence of sufficient income or funds to support his Plan, the Debtor simply offered up unsubstantiated testimony that new employment has resulted in higher income and that family members were willing to help with plan payments. In considering third-party contributions to plan payments, "[i]t is incumbent on the debtor to satisfactorily establish that the contributions are sufficiently 'stable and regular' to enable the debtor to make payments under a Chapter 13 plan." *In re Felberman*, 196 B.R. 678, 686 (Bankr. S.D.N.Y. 1995) (citation omitted). However, at the hearing on February 12, no family members appeared or testified as to their willingness to help,

nor was any financial undertaking from any family member offered into evidence. The Debtor's claims of family contributions are far from "stable and regular" and instead are speculative, conjectural, and unrealistic.

Due to the absence of any credible evidence that supports the Debtor's claims that he can make the proposed $2,386.78 monthly plan payment, the Court finds that the Debtor has failed to meet his burden of proving feasibility. *See Felberman*, *supra*, 196 B.R. at 686 ("In fact, it is uniformly held that unsubstantiated expectations of financial contributions from family members or other third parties are not sufficient to meet the feasibility requirement for confirmation."). Accordingly, the Court finds sufficient cause to dismiss this case pursuant to 11 U.S.C. § 1307(c)(5).

Further, while not expressly enumerated under Section 1307(c), "it is well established that lack of good faith may also be cause for dismissal under § 1307(c)." *In re Ciarcia*, 578 B.R. 495, 499 (Bankr. D. Conn. 2017) (*quoting In re Prisco*, 2012 WL 4364311, at *4 (N.D.N.Y. 2012). A finding of a lack of good faith is based on the totality of the circumstances. *Id.* at 499–500. "The totality of the circumstances should take into consideration whether the debtor has abused the 'provision, purpose or spirit' of the Bankruptcy Code and whether the filing is 'fundamentally fair' to creditors." *In re Armstrong*, 409 B.R. 629, 634 (Bankr. E.D.N.Y. 2009) (citation omitted). "The determination of whether a debtor filed a petition or plan in bad faith so as to justify dismissal for cause is left to the sound discretion of the bankruptcy court." *In re Prisco*, *supra,* 2012 WL 4364311, at *4.

Here, the Debtor continuously ignored the Trustee's repeated requests to provide documentation required to address the plan's feasibility issues, and the Section 341 meeting of creditors has yet to conclude due to the Debtor's failure to appear or to provide the necessary

8

documentation (*see* ECF Nos. 18, 25, 43, 85, 104). This case is on the same trajectory as the Debtor's previous bankruptcy, which was ultimately dismissed on a motion by the Trustee—wherein the Trustee raised nearly identical issues as she has in the present case on six separate occasions (*see* ECF Nos. 40, 131, 144, 156, 160, 178).

For over a year, the Debtor has filed plans bereft of sufficient funding and the appropriate treatment of his tax and mortgage claims. Notwithstanding that the Town has been granted stay relief, the Debtor continues to file plans which appear to have no legitimate purpose other than ostensibly frustrating the Town's ability to foreclose on the Property. According to the Trustee, a plan seeking to cure the tax claims would require a monthly payment of at least $2,407.27, yet the financial information provided by the Debtor on amended Schedule I (ECF No. 157) and J shows his monthly net income as $1,535 (Motion to Dismiss, ECF No. 160 at ¶ 5), making it financially impossible for the Debtor to confirm a plan that treats the Town's secured claim. "The filing of a bankruptcy petition merely to prevent foreclosure, without the ability or the intention to reorganize, is an abuse of the Bankruptcy Code." *Felberman*, *supra*, 196 B.R. at 681. Here, the Debtor's resistance to the reconciliation of the Town's tax claims in state court, while failing to advance any cognizable theory assailing the outstanding taxes, amounts to an abuse of the bankruptcy process.

Accordingly, the Court also finds sufficient cause for dismissal under § 1307(c) based on the Debtor's lack of good faith during the course of this case. Because this case lacks feasibility, and otherwise serves no other purpose than to delay the Town's ability to foreclose on the Property, the Court finds that there is sufficient cause to dismiss the case pursuant to 11 U.S.C. §§ 1307(c)(1) and (c)(5). The Court now turns to whether cause exists to impose conditions on the dismissal to prevent an abuse of the process.

While "there is no provision in section 1307 that provides for dismissal of a Chapter 13 case with prejudice. . . . '[t]he legal effects of the dismissal of a chapter 13 case are [instead] governed by section 349.'" *In re Heidel*, 2020 WL 6809805, at *3 (Bankr. D. Conn. 2020) (*quoting* 8 COLLIER ON BANKRUPTCY ¶ 1307.09 (16th ed. 2020)). "Section 349(a) of the Bankruptcy Code establishes a general rule that dismissal of a bankruptcy case is without prejudice, but at the same time expressly grants a bankruptcy court the authority to dismiss a case with prejudice to a subsequent filing of any bankruptcy petition." *In re Casse*, 219 B.R. 657, 662 (Bankr. E.D.N.Y. 1998), *subsequently aff'd*, 198 F.3d 327 (2d Cir. 1999). Section 349(a) provides that "[u]nless the court, for cause, orders otherwise . . . the dismissal of a case under this title [does not] prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title." 11 U.S.C. § 349(a). Therefore, "if 'cause' warrants, a court is authorized, pursuant to § 349(a), to dismiss a bankruptcy case with prejudice to refiling." *Casse*, *supra*, 219 B.R. at 662.

In addition to the express authority to dismiss a case for cause provided under Section 349, Section 105(a) provides that "[n]o provision of this title shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." 11 U.S.C. § 105; *see also In re Oi Brasil Holdings Cooperatief U.A.*, 578 B.R. 169, 201 (Bankr. S.D.N.Y. 2017) ("Section 105(a) is understood as providing courts with discretion to accommodate the unique facts of a case consistent with policies and directives set by the other applicable substantive provisions of the Bankruptcy Code."). Thus, Section 105(a) empowers the Court to act as necessary to prevent an abuse of the bankruptcy process.

The facts demonstrate that the Debtor has not, and is unable to, propose a confirmable Chapter 13 Plan; he has disregarded multiple requests from the Trustee to provide necessary documentation for more than a year, and recently defied a Court Order to do so; he has failed to pay any post-petition taxes; the Debtor's case lacks a legitimate bankruptcy purpose; and the Debtor's dilatory tactics continue to delay and frustrate the Town's ability to foreclose on the Property, which is emblematic of bad faith. Additionally, while "[a] finding of bad faith can justify dismissal with prejudice," *Feldman*, *supra*, 597 B.R. at 461, given the Debtor's conduct in, and bad-faith maintenance of, both this case and his prior bankruptcy case, the lack of compliance with requests from the Trustee and orders of this Court, and his patent inability to confirm a plan, this Court finds sufficient cause to dismiss the Debtor's case with prejudice to the refiling of a subsequent petition.

IV.    CONCLUSION

After a thorough review of the records in this case and in the Debtor's prior bankruptcy, in addition to the arguments advanced in the pleadings and at hearings before this Court, and for the reasons stated above, the Court finds that, pursuant to 11 U.S.C. §§ 105(a), 349(a), and 1307(c), cause exists to dismiss the Debtor's case with a two-year bar to refiling. Accordingly, it is hereby

**ORDERED:** The Trustee's Motion to Dismiss is hereby GRANTED; and it is further

**ORDERED:** Pursuant to 11 U.S.C. §§ 105(a), 349(a) and 1307(c), the Debtor's case is dismissed with prejudice and the Debtor is barred from filing for relief under any chapter of the Bankruptcy Code, in any bankruptcy court, for a period of not less than two (2) years from the date of entry of this Order.

**IT IS SO ORDERED** at Hartford, Connecticut this 26th day of February 2021.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut